CARL ALEXANDER *v.* COMMISSIONER OF
CORRECTION
(AC 26985)

Flynn, C. J., and Schaller and DiPentima, Js.

Argued February 13—officially released September 4, 2007

*Jane E. Carroll,* special public defender, for the appellant (petitioner).

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Carl Alexander, appeals following the denial of certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying certification to appeal and improperly rejected his claims that his trial counsel had provided ineffective assistance by (1) failing to advise him properly that, in changing his plea, he would not be sentenced pursuant to a plea agreement but at the court's discretion and (2) refusing to file a motion to withdraw his guilty plea. We dismiss the petitioner's appeal.

Following his participation in a home invasion on December 29, 2000, the petitioner was charged with, inter alia, kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (c), robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). The petitioner further was charged with the commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k.[1]

Attorney Eroll V. Skyers represented the petitioner at trial. Prior to trial, Skyers and the petitioner had discussed the possibility of a plea agreement with the prosecutor; specifically, the state had offered the petitioner thirty-five years to serve and, subsequently, twenty-five years to serve. The petitioner, however, rejected both plea offers. At trial, the victim testified, in detail, about how the petitioner and several other men had invaded her home, demanded money and other valuables at gunpoint, bound her mouth, wrists and legs with duct tape and locked her in a bathroom in the basement, where she remained until her husband discovered her. After hearing the victim's testimony, the petitioner withdrew his not guilty pleas and pleaded guilty to the charges of kidnapping in the first degree, robbery in the first degree and burglary in the first degree. At the plea canvass, the petitioner indicated that he understood that he could receive a maximum period of confinement of seventy-five years, and the trial court found that his plea was entered knowingly and voluntarily. Before the court accepted the petitioner's plea, the prosecutor emphasized on the record and in the petitioner's presence that although he would not

[1] After the petitioner pleaded guilty to kidnapping in the first degree, robbery in the first degree and burglary in the first degree, the other charges were nolled.

be pursuing the remaining charges against the petitioner, there was no plea agreement.

At the beginning of the sentencing proceeding on April 25, 2003, Skyers stated to the court that he would like to clarify for the record that the petitioner's plea was an open plea pursuant to which the petitioner's sentence would be determined by the court, rather than according to a prior negotiated sentence or plea agreement. The court affirmed that the petitioner's plea was, in fact, an open plea. Skyers further explained that although he thought that the petitioner had understood that the plea was an open plea, the petitioner had indicated just prior to the sentencing proceeding that he believed there was a plea agreement, to which the court responded that it was unaware of any agreement.[2] The

[2] The following colloquy occurred:

"The Court: Are there any motions on there? There are not.

"[The Petitioner's Counsel]: There are none, Your Honor. I would like to have something clarified for the record.

"The Court: You what?

"[The Petitioner's Counsel]: Would like to clarify something for the record.

"The Court: What's that?

"[The Petitioner's Counsel]: I had a discussion with my client, [the petitioner]. And the clarification is whether there was an open plea at the time that [the petitioner] withdrew his right to maintain his innocence and entered guilty pleas on the day of jury selection and trial. And I just want to make sure that [the petitioner] understands that before Your Honor, this was an open plea.

"The Court: Yes, it was.

＊ ＊ ＊

"The Court: Does he have any problems understanding that?

"[The Petitioner]: I was under [the] assumption—

"The Court: I'm talking—I'm talking to [your attorney]. Do you think he has a problem understanding what you have just said?

"[The Petitioner's Counsel]: I thought he had understood, Your Honor, but I had a discussion with him a little while ago, and [the petitioner] seems to think that we had a plea agreement.

"The Court: I don't know what it would be. I never heard one. Transcripts will disclose exactly what was done. I have never had a conversation that was not on the record with anybody.

"[The Petitioner's Counsel]: I have a copy of the transcript in my possession, Your Honor.

court sentenced the petitioner to twenty-five years to serve on the count of kidnapping in the first degree. On the counts of robbery in the first degree and burglary in the first degree, the court sentenced the petitioner to twenty years each, to run concurrently with each other and with the sentence for kidnapping. In addition, the court imposed three, five year enhancements pursuant to § 53-202k, concurrent to each other, but consecutive to the twenty-five year term, for a total effective sentence of thirty years imprisonment.[3]

In an amended petition for a writ of habeas corpus, the petitioner alleged that Skyers provided ineffective assistance with regard to the decision to plead guilty. Specifically, the petitioner argued that Skyers was ineffective in failing to advise him that the plea was an open plea and in leading him to believe that he would receive a sentence of twenty years imprisonment pursuant to a plea agreement. The petitioner also alleged that Skyers was ineffective in failing to file a motion to withdraw the guilty plea. The petitioner further asserted that Skyers failed to ensure that his plea was knowing, intelligent and voluntary.

At the habeas proceeding on August 22, 2005, the petitioner testified that he had pleaded guilty on the basis of information that he had received from Skyers that he would receive a sentence of twenty years to serve with ten years of special parole. He asserted that he did not realize that his plea was an open plea until the date of his sentencing. The petitioner asked Skyers

"The Court: Well, then you have read it, no doubt. . . .

"[The Petitioner's Counsel]: There is none, Your Honor."

[3] On the date of sentencing, the court also imposed a total effective sentence of thirteen years imprisonment on charges stemming from a separate incident, to which the petitioner had pleaded guilty. This sentence was consecutive to the sentence imposed for the home invasion incident for a total effective sentence of forty-three years imprisonment. This appeal concerns only the pleas and sentence related to the home invasion incident.

to withdraw his guilty plea upon learning that he would not be sentenced pursuant to a plea agreement, but Skyers informed him that he could not withdraw his plea after he had been canvassed and his plea was determined by the court to be knowing and voluntary. The petitioner further testified that had he known his plea was an open plea, he would not have pleaded guilty.

Skyers testified, in contrast, that although he had discussed the possibility of a plea offer of twenty years to serve and ten years special parole with the prosecutor, the prosecutor in fact never made such an offer. Furthermore, Skyers asserted that although the petitioner may have hoped for a sentence of twenty years imprisonment, Skyers never represented to the petitioner that such a sentence would be imposed. He testified that he had informed the petitioner at the time that the petitioner elected to plead guilty that it was the policy of this particular trial judge that a change of plea to guilty subsequent to the start of trial would result in an open plea and that, consequently, the petitioner would be sentenced according to the court's discretion. Skyers explained that at the sentencing proceeding, he clarified for the record that the petitioner's plea was an open plea because the petitioner had indicated to him that a sentence of twenty years imprisonment would be imposed pursuant to a plea agreement. With respect to the motion to withdraw the petitioner's guilty plea, Skyers testified that he did not file a motion to withdraw, believing that such a motion would have been frivolous because, at the time the plea was entered, the petitioner had understood the consequences of the plea change.

Following the hearing, the court denied the petition, finding the petitioner's guilty plea to be valid. In its memorandum of decision, the court made several findings with respect to the petitioner's claim alleging the inadequacy of Skyers' assistance. The court found that

"[i]t is clear from a reading of the plea canvass that there was no agreement as to any sentence that was to be imposed . . . ." The court also found that the petitioner "may well have hoped for a twenty year sentence, but it's also clear that he understood that there was no such agreement . . . ." Additionally, the court determined that Skyers had advised the petitioner that it was the policy of the trial judge that "once a trial started, there would be no plea agreements [and] that any plea was an open plea." With respect to Skyers' failure to file a motion to withdraw the petitioner's guilty plea, the court concluded that, assuming Skyers should have filed a motion to withdraw the guilty plea, the petitioner failed to demonstrate that he was prejudiced by this failure because such a motion would have been denied. The court subsequently denied the petition for certification to appeal. This appeal followed.

As a preliminary matter, we set forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Niver* v. *Commissioner of Correction*, 101 Conn. App. 1, 3, 919 A.2d 1073 (2007).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . .

Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Falcon* v. *Commissioner of Correction*, 98 Conn. App. 356, 359, 908 A.2d 1130, cert. denied, 280 Conn. 948, 912 A.2d 480 (2006).

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 536, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006).

"The first component of the *Strickland* test . . . requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . [T]he second prong, or prejudice prong, requires that the petitioner show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Lemoine* v. *Commissioner of Correction*, 73 Conn. App. 669,

674–75, 808 A.2d 1194 (2002), cert. denied, 262 Conn. 932, 815 A.2d 133 (2003). "For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland's* prejudice prong. . . . To satisfy the prejudice prong [under *Hill* v. *Lockhart,* supra, 59], the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction,* 98 Conn. App. 497, 503, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). Because both prongs must be satisfied for a habeas petitioner to prevail, a reviewing court may dismiss a petitioner's claim if he fails to meet either prong. Id., 504; see also *Pierce* v. *Commissioner of Correction,* 100 Conn. App. 1, 11, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007).

I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim that he received ineffective assistance of counsel as a result of Skyers' failure to advise him properly that, in changing his plea, he would not be sentenced pursuant to a plea agreement, but at the court's discretion. Specifically, the petitioner contends that the findings of the habeas court were clearly erroneous because pleading guilty under an open plea agreement presented no advantage over continuing with trial, and, therefore, he would not have done so unless he had been misinformed by Skyers that there was a plea agreement pursuant to which he would have received a sentence of twenty years imprisonment. We are not persuaded.

Upon review of the transcript of the habeas proceeding and of the entire record, we cannot say that the

court's conclusions that there was, in fact, no plea agreement, that Skyers so informed the petitioner and that the petitioner understood that there was no plea agreement were clearly erroneous. In reaching its decision to deny the petition, the court afforded greater credibility to Skyers' testimony than the petitioner's testimony. The habeas court, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 562, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002). Specifically, the court credited Skyers' testimony that he had informed the petitioner that it was the policy of the trial judge not to accept a plea agreement during trial and that, consequently, the petitioner's guilty plea would be an open plea. This testimony was consistent with the prosecutor's statement at the time of the plea canvass that there was no plea agreement. In addition, the court considered that the trial court had canvassed the petitioner fully with regard to his plea and had found the petitioner to be an intelligent individual who was familiar with the criminal justice system and who understood the consequences of changing his plea. With respect to the petitioner's argument that there was no advantage to his plea change absent a plea agreement, the court stated that a guilty plea is often viewed as a positive step toward rehabilitation and, accordingly, a defendant who pleads guilty will often be afforded a lesser sentence. In the present case, the court noted that although the petitioner was exposed to an eighty-five year sentence, he received a sentence of forty-three years imprisonment. See footnote 3.

In light of the credibility determinations made by the habeas court, we conclude that the petitioner has not demonstrated that Skyers' performance was deficient. Accordingly, this claim must fail. We therefore do not analyze the petitioner's claim under the prejudice

prong. See *Ricks* v. *Commissioner of Correction*, supra, 98 Conn. App. 503; see also *Pierce* v. *Commissioner of Correction*, supra, 100 Conn. App. 11.

## II

The petitioner next claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim that he received ineffective assistance of counsel as a result of Skyers' refusal to file a motion to withdraw the guilty plea. Specifically, the petitioner argues that the court improperly required him to prove actual prejudice because, in refusing to file the motion to withdraw, Skyers (1) ceased functioning as his advocate, thereby creating a conflict of interest, and (2) precluded a direct appeal of the ineffective assistance of counsel claims. As a result, the petitioner asserts that prejudice was presumed.

Our review of the record indicates that in raising in the habeas court his claim of ineffective assistance of counsel with respect to Skyers' refusal to file a motion to withdraw, the petitioner did not assert that prejudice was presumed as a result of a conflict of interest or the denial of his right to a direct appeal.[4] The court,

[4] With respect to the petitioner's claim of conflict of interest, we note that the petitioner's counsel questioned Skyers at the habeas hearing as to whether he had considered having another attorney determine whether a motion to withdraw the petitioner's guilty plea would have been frivolous. Skyers responded that he had not considered a motion to withdraw.

Additionally, during his closing argument before the habeas court, the petitioner's attorney argued the following: "[Skyers] should have put the motion forward and let the judge decide or have another attorney review the facts to see—or have an objective attorney review the facts and make sure. . . . Because one of the key reasons—I think the only basis—for a motion to withdraw the plea would have been a charge of ineffective assistance of counsel. And attorney Skyers can't be objective because it would be him that would have been ineffective."

We conclude that the petitioner failed to raise the issue of a conflict of interest sufficiently before the habeas court. Practice Book § 5-2 provides: "Any party intending to raise any question of law which may be the subject of an appeal must either state the question distinctly to the judicial authority in a written trial brief under Section 5-1 or state the question distinctly to

therefore, addressed the petitioner's claim as one of ineffective assistance of counsel and concluded that he had failed to meet his burden of proving prejudice under *Strickland*. Because the petitioner did not present these claims distinctly to the habeas court and, therefore, the court did not address them, we decline to review them. "It is axiomatic that a party cannot submit a case to the trial court on one theory and then seek a reversal in the reviewing court on another. A party is not entitled to raise issues on appeal that have not been raised in the trial court. [B]ecause our review is limited to matters in the record, we will not address issues not decided by the trial court." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 262, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001); see also *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 335, 876 A.2d 600 ("[t]his court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim" [internal quotation marks omitted]), cert. denied, 276 Conn. 909, 886 A.2d 423 (2005).

We conclude that the petitioner has not shown that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. The petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal constituted an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.

the judicial authority on the record before such party's closing argument and within sufficient time to give the opposing counsel an opportunity to discuss the question. If the party fails to do this, the judicial authority will be under no obligation to decide the question."