## ANTHONY VARCHETTA *v.* COMMISSIONER OF CORRECTION
### (AC 27616)

Flynn, C. J., and Bishop and DiPentima, Js.

Argued September 24—officially released November 6, 2007

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*Eileen F. McCarthy*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, former state's attorney, and *John F. Fahey*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Varchetta, appeals from the judgment of the habeas court denying

his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly concluded that his trial counsel rendered effective assistance.[1] We affirm the judgment of the habeas court.

The following facts, as found by the court, and procedural history are relevant to our resolution of the petitioner's appeal. On July 3, 2003, pursuant to a plea agreement, the petitioner entered a plea of guilty under the *Alford* doctrine[2] to two counts of sexual assault in the first degree. In accordance with the terms of the plea agreement, the petitioner received an agreed on sentence of twelve years incarceration with thirteen years special parole. Additionally, the state entered a nolle prosequi to the related kidnapping charge and agreed not to charge the petitioner as a persistent dangerous sexual offender, which carries the possibility of a life sentence.[3] At no time during the plea canvass or the sentencing hearing did the petitioner voice any dissatisfaction with the plea agreement or the performance of his attorney. Moreover, the petitioner never asked to withdraw his guilty plea at any time prior to or after the imposition of his sentence.

On May 16, 2005, the petitioner filed a second amended petition for a writ of habeas corpus. The petitioner claimed, inter alia,[4] that his attorney failed to

---

[1] The petitioner also claims that he was constructively denied the effective assistance of counsel pursuant to *United States* v. *Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). Because the petitioner has raised this claim for the first time on appeal, we decline to address it. See *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 335–36, 876 A.2d 600, cert. denied, 276 Conn. 909, 886 A.2d 423 (2005).

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] The petitioner had two prior sexual assault convictions and a total of approximately nineteen other convictions.

[4] Although the petitioner also presented a claim of actual innocence in his habeas petition, which was denied by the habeas court, the petitioner does not challenge that ruling on appeal.

investigate his case or to adequately advise him and, as such, his plea was not knowing, intelligent and voluntary.[5] The habeas court found no basis for the petitioner's claims, denied his petition for a writ of habeas corpus and granted certification to appeal. This appeal followed.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In [*Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a break-down in the adversarial process that renders the result unreliable. . . .

"Moreover, [i]n *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court deter-

---

[5] Specifically, the petitioner claimed that his counsel failed to conduct a pretrial investigation, to discuss the basis of the charges with the petitioner, to move to suppress the petitioner's statement to the police, to discuss with the petitioner his chances of prevailing at trial, to discuss the possibility of being charged as a persistent dangerous sexual offender, to discuss his prior sexual assault convictions in relation to the possibility of his being charged as a persistent dangerous sexual offender, to interview the victim, and to obtain a continuance so that the petitioner could weigh the advantages and disadvantages of the plea offer.

mined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. . . . [I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; internal quotation marks omitted.) *Niver* v. *Commissioner of Correction*, 101 Conn. App. 1, 3–4, 919 A.2d 1073 (2007).

After our plenary review of the record as a whole, we conclude that the petitioner failed to introduce any credible evidence that, but for the performance of his counsel, he would have changed his plea or that the outcome would have been different if he had gone to trial. Thus, the petitioner failed to meet his burden of establishing prejudice under the *Strickland-Hill* test.[6]

The judgment is affirmed.

---

[6] Because we conclude that the petitioner has failed to satisfy the prejudice prong, we do not determine whether the alleged failures of his counsel constituted deficient representation. See *Pierce* v. *Commissioner of Correction*, 100 Conn. App. 1, 12 n.5, 916 A.2d 864, cert. denied, 282 Conn. 908, 920 A.2d 1017 (2007). We note, however, that the only testimony offered by the petitioner in support of his contention that his counsel was deficient was his own.