## ANTHONY VARCHETTA *v.* COMMISSIONER OF CORRECTION
### (AC 31768)

Gruendel, Robinson and Pellegrino, Js.

---

Argued September 18—officially released November 19, 2013

*April E. Brodeur*, assigned counsel, for the appellant (petitioner).

*Robin S. Schwartz*, special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Brenda L. Hans*, assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Anthony Varchetta, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal and that he is entitled to habeas relief because the habeas court erred by using the wrong standard to conclude that he was afforded the effective assistance of both trial and habeas counsel.[1] We dismiss the appeal.

---

[1] In his brief, the petitioner also claims that, in his first habeas action, the habeas court, *T. Santos, J.*, used the wrong standard to conclude that the petitioner was afforded the effective assistance of trial counsel. The petitioner has already litigated in this court the first habeas court's ruling regarding his ineffective assistance of trial counsel claim, and we affirmed the habeas court's decision in *Varchetta* v. *Commissioner of Correction*, 104 Conn. App. 357, 359–60, 933 A.2d 1224, cert. denied, 285 Conn. 902, 938 A.2d 594 (2007). Any claim of error pertaining to the court's judgment in

The following facts and procedural history are relevant to our resolution of the petitioner's present appeal. "On July 3, 2003, pursuant to a plea agreement, the petitioner entered a plea of guilty under the *Alford* doctrine[2] to two counts of sexual assault in the first degree. In accordance with the terms of the plea agreement, the petitioner received an agreed on sentence of twelve years incarceration with thirteen years special parole. Additionally, the state entered a nolle prosequi to the related kidnapping charge and agreed not to charge the petitioner as a persistent dangerous sexual offender, which carries the possibility of a life sentence.[3] At no time during the plea canvass or the sentencing hearing did the petitioner voice any dissatisfaction with the plea agreement or the performance of his attorney. Moreover, the petitioner never asked to withdraw his guilty plea at any time prior to or after the imposition of his sentence.

"On May 16, 2005, the petitioner filed a second amended petition for a writ of habeas corpus. The petitioner claimed, inter alia, that his attorney failed to investigate his case or to adequately advise him and, as such, his plea was not knowing, intelligent and voluntary." (Footnotes omitted.) *Varchetta* v. *Commissioner of Correction*, 104 Conn. App. 357, 358–59, 933 A.2d 1224, cert. denied, 285 Conn. 902, 938 A.2d 594 (2007).

Approximately one week before the petitioner's first habeas trial, the petitioner's counsel, Kenneth Fox, filed a motion to amend the second amended petition for a

the first habeas action should have been raised in the prior appeal. We, therefore, will not address the petitioner's additional claim. See *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 661, 866 A.2d 542 (2005) ("a party should not be able to relitigate a matter that it already has had a fair and full opportunity to litigate").

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] The petitioner had two prior sexual assault convictions and a total of approximately nineteen other convictions.

writ of habeas corpus to add a claim of constructive ineffective assistance of counsel pursuant to *United States* v. *Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). The habeas court, *T. Santos, J.*, denied the motion and the case proceeded to trial. The habeas court found no basis for the petitioner's claims, denied his petition for a writ of habeas corpus, and granted certification to appeal. This court affirmed the habeas court's judgment. *Varchetta* v. *Commissioner of Correction*, supra, 104 Conn. App. 360.

On January 2, 2009, the petitioner filed a third amended petition for a writ of habeas corpus in the present action, alleging ineffective assistance of his prior habeas counsel.[4] The petitioner also alleged that he was constructively denied effective assistance of counsel during critical pretrial stages of his trial pursuant to *United States* v. *Cronic*, supra, 466 U.S. 648. After a two day hearing, the habeas court, *Nazzaro, J.*, rendered an oral decision from the bench, and found that none of the petitioner's various trial counsel or habeas counsel had rendered deficient performance. The habeas court also found that, even if there was deficient performance, the petitioner was not prejudiced. The habeas court then concluded that the petitioner was afforded the effective assistance of both trial and habeas counsel, and, accordingly, denied the petitioner's third amended petition for a writ of habeas corpus. Thereafter, the petitioner requested certification to appeal from the judgment of the habeas court.

In his petition for certification to appeal, the petitioner claimed that the habeas court erred by denying

---

[4] The petitioner claimed that his habeas counsel failed to (1) prepare adequately for the habeas trial; (2) meet with the petitioner; (3) conduct adequate legal research; (4) timely amend the petition for a writ of habeas corpus; (5) adequately investigate the petitioner's claims; (6) present information in support of the petitioner's *Cronic* claim; and (7) present certain information in support of the petitioner's claim that his trial counsel was ineffective.

his claim that his prior habeas counsel had rendered ineffective assistance by failing to amend his complaint to include a *Cronic* claim as to the petitioner's trial counsel. Further, the petitioner claimed that the habeas court failed to weigh the evidence properly pertaining to the petitioner's claim of ineffective assistance of his trial counsel.[5] On December 3, 2009, the habeas court denied the petition for certification to appeal. This appeal followed.

Our standard of review is well established. "[I]f either the petitioner or the respondent is denied a timely request for certification to appeal from a habeas court's judgment, such review may subsequently be obtained only if the appellant can demonstrate that the denial constituted an abuse of discretion. . . . We recognize that [i]n enacting [General Statutes] § 52-470 (b), the legislature intended to discourage frivolous habeas appeals. . . . A habeas appeal that satisfies one of the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), is not, however, frivolous and warrants appellate review if the appellant can show: that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . [I]f an appeal is not frivolous, the habeas court's failure to grant certification to appeal is an abuse of discretion." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 448, 936 A.2d 611 (2007).

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of

[5] The petitioner also claimed in his petition for certification that the habeas court abused its discretion by finding that his claim of constructive ineffective assistance of counsel did not warrant review. The petitioner, however, did not advance this claim on appeal.

the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in *Lozada* and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." Id., 449.

"As to [a review] on the merits, [t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." (Internal quotation marks omitted.) *Nicholson* v. *Commissioner of Correction*, 93 Conn. App. 116, 119, 887 A.2d 963, cert. denied, 277 Conn. 926, 895 A.2d 799 (2006). "To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . *The claim will succeed only if both prongs are satisfied.*" (Emphasis added; internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 145 Conn. App. 16, 21, 75 A.3d 705 (2013).

The petitioner claims on appeal that the habeas court erred by using the incorrect standard to determine

whether he was afforded the effective assistance of both trial and habeas counsel. He argues that the habeas court erred by requiring him to show that he would have been in a more favorable position if he had gone to trial than he was in taking the plea. Additionally, the petitioner argues that the court erred by requiring him to show that he would have been in a better position if he had been allowed to amend his petition for a writ of habeas corpus.[6]

Both of the petitioner's arguments challenge the habeas court's application of the prejudice prong of the *Strickland* test. The petitioner, however, has failed to challenge the habeas court's findings regarding his failure to prove any deficient performance of his trial and habeas counsel. Even if the petitioner were to prevail on his claim that the habeas court used the improper standard to determine prejudice, the habeas court's unchallenged findings that he failed to prove deficient performance would stand. This court, therefore, would not be able to afford him any practical relief because the petitioner must prove both deficient performance and prejudice in order to establish his ineffective assistance of counsel claim. See *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 229, 965 A.2d 608 (2009) (court may dismiss petitioner's claim if he fails to establish either prong). Because the petitioner's claim fails as a matter of law, we cannot conclude that the issue presented in this appeal is debatable among jurists of reason, that a court could resolve it in a different manner, or that the question raised deserves encouragement to proceed further. We, therefore, conclude

---

[6] The respondent, the Commissioner of Correction, argues that we should dismiss the petitioner's claim because it is unpreserved, as the petitioner did not raise it in his petition for certification to appeal. In response, the petitioner argues that he is nonetheless entitled to review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Because we have determined that the petitioner's claims would fail as a matter of law, assuming they were properly preserved for appeal, we need not address these additional arguments.

that the petitioner has failed to establish that the court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

IN RE ETTA H. ET AL.*
(AC 35531)

DiPentima, C. J., and Alvord and Sullivan, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.