## ALICJA NIVER *v.* COMMISSIONER OF CORRECTION
### (AC 26426)

Bishop, Rogers and McDonald, Js.

Argued February 20—officially released May 1, 2007

*Kathryn Steadman*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *David Shepack*, state's attorney, and *Dawn M. Gallo*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alicja Niver, appeals from the judgment of the habeas court denying her

amended petition for a writ of habeas corpus. The petitioner's sole claim on appeal is that she received ineffective assistance of counsel because she was not informed adequately concerning the immigration consequences of her guilty plea. We affirm the judgment of the habeas court.

The relevant facts and procedural history are set forth in the court's memorandum of decision. The petitioner was charged in connection with an incident that occurred on June 3, 1999, in which she entered a coffee shop in Torrington and, after indicating that she was armed, unlawfully stole money and fled the scene with a patron's vehicle. Following her arrest and arraignment, the petitioner entered into a plea agreement with the state through which she agreed to plead guilty to robbery in the third degree in violation of General Statutes § 53a-136 and larceny in the third degree in violation of General Statutes § 53a-124. Pursuant to the agreement, she would receive a total effective sentence of ten years incarceration, suspended after five years, with a right to argue for less. Thereafter, the petitioner was sentenced to ten years incarceration, execution suspended after three years, and five years probation.

The petitioner filed an amended petition for a writ of habeas corpus on March 2, 2004, claiming ineffective assistance of counsel. On January 5, 2005, the court denied the petitioner's amended petition, finding that the petitioner's trial counsel had provided competent representation, which did not affect the validity of her guilty plea, and that she would not have pleaded otherwise or insisted upon going to trial. Accordingly, the court concluded that the petitioner had failed to satisfy either prong of the test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court subsequently granted the petition for certification to appeal, and this appeal followed.

On appeal, the petitioner claims that the court improperly denied the habeas corpus petition on the basis of her assertion that defense counsel failed to inform her that she would "definitely" or "certainly" be deported as a result of her guilty plea, and, as a result, her guilty plea was not knowingly, intelligently and voluntarily made. We are unpersuaded.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 86 Conn. App. 392, 397, 861 A.2d 1191 (2004), cert. denied, 273 Conn. 903, 868 A.2d 744 (2005).

"In *Strickland* . . . the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Santiago* v. *Commissioner of Correction*, 90 Conn. App. 420, 424–25, 876 A.2d 1277, cert. denied, 275 Conn. 930, 883 A.2d 1246 (2005), cert. denied sub nom. *Santiago* v. *Lantz*, 547 U.S. 1007, 126 S. Ct. 1472, 164 L. Ed. 2d 254 (2006).

Moreover, "[i]n *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court determined that the same two-part standard applies to claims

arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. . . . [I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Valentin* v. *Commissioner of Correction*, 94 Conn. App. 751, 755–56, 895 A.2d 242 (2006).

The crux of the petitioner's claim is that her counsel, in conjunction with advising her regarding her potential guilty plea, was obligated to inform her that her deportation would be a certainty and not a mere possibility. The failure to do so, the petitioner alleges, constituted ineffective assistance of counsel. We disagree.

"A defendant need only be made aware of the direct consequences of his plea for it to be valid. *Brady* v. *United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). Our Supreme Court has explained that [a]lthough a defendant must be aware of the direct consequences of a plea, the scope of direct consequences is very narrow. . . . In Connecticut, the direct consequences of a defendant's plea include only [those enumerated in Practice Book § 39-19 (2), (3) and (4)]. The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. . . . [U]nder Connecticut law, [t]he impact of a plea's immigration consequences on a defendant, while potentially great, is not of constitutional magnitude and cannot transform this collateral consequence into a direct consequence of the plea." (Citation omitted; internal quotation marks omitted.) *State* v. *Aquino*, 89

Conn. App. 395, 403–404, 873 A.2d 1075 (2005), rev'd on other grounds, 279 Conn. 293, 901 A.2d 1194 (2006).

Additionally, in this instance, the court found that "at various times during [defense counsel's] . . . representation, [he] clearly and repeatedly advised the petitioner that a conviction of these offenses might, could and probably would result in her deportation to Poland. [Counsel] did not, however, definitively inform the petitioner that conviction would certainly or definitely result in her deportation. . . . The petitioner, [however,] was not concerned about the potential for deportation since she had had several previous convictions and the Immigration and Naturalization Service had never deported her before. The petitioner's prime concern in regard to her criminal case was to get the matter resolved with as little prison time as possible." We also note that the petitioner, during her canvass, was specifically advised that conviction of these offenses could result in deportation.

Thus, counsel for the petitioner specifically discussed the potential immigration consequences of her plea. Moreover, counsel cannot be expected to be a seer. His performance was not inadequate for having advised the petitioner that her deportation was a probability and not an absolute certainty, as he had no basis for making such an absolute prediction, particularly in light of the petitioner's prior felony history that did not result in her deportation. Thus, the record amply supports the court's conclusion that the performance of the petitioner's trial counsel was not deficient.

Even if counsel's performance could be found to have been deficient, it caused no prejudice to the petitioner. The record reveals that the petitioner's main objective at the time of plea was to minimize her incarceration time and not her potential deportation, as she was then facing up to forty-three years in prison if convicted of

all the charges then pending against her. Moreover, the petitioner provided the habeas court with no evidence to demonstrate that even if she had elected trial, the outcome would have been more favorable or her chances of deportation less likely. The overwhelming evidence against her included eyewitness testimony from multiple witnesses, the petitioner's written confession, as well as her statement to the police and her oral confession to her boyfriend. On this record, it would not be reasonable for the court to conclude that the petitioner, even facing the certainty of deportation, would have pleaded not guilty and elected to go to trial, thus risking a substantially longer period of incarceration. Therefore, the court correctly denied the petition.

The judgment is affirmed.