ALEJANDRO GONZALEZ *v.* COMMISSIONER
OF CORRECTION
(AC 32871)

Robinson, Alvord and Keller, Js.

Argued April 18—officially released August 13, 2013

*Michael Zariphes*, assigned counsel, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Maureen Keegan*, former state's attorney, and *Patrick Griffin*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alejandro Gonzalez, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. We dismiss the appeal.

On October 14, 2005, the petitioner, pursuant to a plea agreement, pleaded guilty to possession of cocaine with intent to sell in violation of General Statutes § 21a-278 (a). In accordance with the plea agreement, the petitioner was sentenced to twenty-two years incarceration. In April, 2010, the petitioner filed a second amended petition for a writ of habeas corpus. He alleged, inter alia, that his trial counsel, Louis Martocchio, rendered ineffective assistance because he failed to adequately advise him regarding aspects of his guilty plea, including the presumption of innocence and the existence of options aside from accepting the state's

plea offer. Following trial, the habeas court denied the petition in a September 29, 2010 oral decision. The court concluded that Martocchio's performance in advising the petitioner regarding the guilty plea was not deficient. In addressing a claim that had been added by amendment that day, the court concluded that Martocchio had adequately advised the petitioner, who was not a United States citizen, of the immigration consequences of his plea. The petitioner filed a petition for certification to appeal, which the habeas court denied. This appeal followed.

"To prove an abuse of discretion [in denying a certification to appeal], the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Morris* v. *Commissioner of Correction*, 131 Conn. App. 839, 842, 29 A.3d 914, cert. denied, 303 Conn. 915, 33 A.3d 739 (2011).

In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court "adopted a two-part standard for evaluating claims of ineffective assistance of counsel. . . .

[First] the [petitioner] must show that counsel's representation fell below an objective standard of reasonableness. . . . [Second], [t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Hill* v. *Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In *Hill*, the United States Supreme Court held: "In the context of guilty pleas, the first half of the *Strickland* . . . test is nothing more than a restatement of the standard of attorney competence . . . . The second, or prejudice, requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." (Citations omitted; internal quotation marks omitted.) Id., 58–59.

The petitioner argues that the court erred in concluding that Martocchio's performance was not deficient. He argues that Martocchio rendered deficient performance in failing to advise him that he was not presumed guilty, that he could challenge the prosecution, and that he had options aside from accepting the state's plea offer. In its decision, the court noted that the case was a credibility contest between the petitioner and Martocchio and credited Martocchio's testimony "in all material respects." The court highlighted Martocchio's testimony that he had urged the petitioner to continue to litigate or at least to investigate the case, but that the petitioner, by signing a document, admitted that he was acting contrary to Martocchio's advice by pleading guilty. The court discredited the petitioner's testimony that Martocchio advised him that he already had been found guilty. The court's findings support its conclusion that Martocchio was not deficient in allowing the petitioner to accept the state's plea offer. We will not disturb those factual findings as they are based on credibility

determinations. "As an appellate court, we do not ree-valuate the credibility of testimony . . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand obser-vation of their conduct, demeanor and attitude." (Cita-tion omitted; internal quotation marks omitted.) *Corbett* v. *Commissioner of Correction*, 133 Conn. App. 310, 316–17, 34 A.3d 1046 (2012). We are not persuaded that the court's determination in this regard is debatable among jurists of reason, that a court could resolve the issue differently, or that it deserves encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616 A.2d 126 (1994). Therefore, the habeas court did not abuse its discretion by denying the petition for certification to appeal as to this issue.

Additionally, the petitioner claims that the court erred in failing to conclude that Martocchio was ineffec-tive for failing to adequately advise him that a guilty plea would result in deportation in accordance with *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). In 2010, the United States Supreme Court held for the first time in *Padilla* that the sixth amendment to the United States constitution requires that "counsel must inform [his or] her client whether [the client's] plea carries a risk of deportation."[1] Id., 374. In *Padilla*, the Supreme Court set forth requirements for when counsel must advise that a guilty plea "will" result in deportation and when counsel must advise that a guilty plea "may" result in deportation. Id., 368–69. Although the habeas court determined that Martocchio "did so advise the petitioner of immigration conse-quences," whether that advice satisfied the require-ments of *Padilla* is not a question we need to address.

---

[1] In *State* v. *Aquino*, 89 Conn. App. 395, 410, 873 A.2d 1075 (2005), rev'd on other grounds, 279 Conn. 293, 901 A.2d 1194 (2006), a case decided prior to *Padilla*, this court concluded, "effective assistance of counsel may be rendered without advising a client whether deportation will result from a guilty plea."

In *Chaidez* v. *United States*, U.S. , 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149 (2013), the United States Supreme Court held that *Padilla* does not apply retroactively; thus, "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."[2] Id., 1113. The petitioner was sentenced in October, 2005, and he did not file a direct appeal. His conviction became final prior to the release of *Padilla* in 2010. Because *Padilla* does not apply, the petitioner cannot prevail on his claim that the court erred in failing to conclude that Martocchio was ineffective for failing to advise him in accordance with *Padilla*.

The appeal is dismissed.

[2] We ordered simultaneous supplemental briefs on the following issue: "What is the effect of *Chaidez* v. *United States* . . . on the present appeal?"