### SHARAD SAKSENA *v.* COMMISSIONER OF CORRECTION
### (AC 33646)

DiPentima, C. J., and Sheldon and Harper, Js.

Argued April 24—officially released August 20, 2013

*Elio C. C. Morgan*, assigned counsel, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robert Diaz*, assistant state's attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Sharad Saksena, appeals from the judgment of the habeas court denying his

petition for a writ of habeas corpus. The petitioner claims that the habeas court erred when it concluded that trial counsel did not render ineffective assistance by failing to advise him about the immigration consequences of his guilty pleas.[1] We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of this appeal. The petitioner is a citizen of India. During the time period from June, 2004, to July, 2005, the petitioner was operating a company payroll system that, as part of its function, was taking money from clients to pay sales tax to the Department of Revenue Services on a quarterly basis. In two separate cases, the state alleged that the petitioner failed to forward money to the department in an aggregate amount exceeding $100,000. On January 10, 2007, the petitioner pleaded guilty under the *Alford*[2] doctrine to two charges of larceny in the first degree pursuant to General Statutes § 53a-122. Thereafter, he was sentenced on these charges to a total effective term of ten years incarceration, suspended after three years, followed by five years probation. He also was ordered to pay $100,000 in restitution. On March 17, 2008, while in the custody of the respondent, the Commissioner of Correction, the petitioner filed a petition for a writ of habeas corpus. Following his release from prison, the petitioner was taken into custody by the United States Bureau of Immigration and Customs Enforcement and placed in a correctional facility in Massachusetts. On

[1] The petitioner also claims that the habeas court erred when it proceeded to trial without him present in contravention of his due process rights guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution, Practice Book § 23-40, and General Statutes § 52-470. For reasons set forth in this opinion, we conclude that any error by the habeas court in proceeding to trial without the petitioner present was harmless.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the basis of his conviction, he was ordered to be removed from the United States.

Thereafter, the petitioner filed an amended two count petition for a writ of habeas corpus, dated February 17, 2011. In count one, the petitioner alleged that his trial counsel, Philip Fazzone, had rendered ineffective assistance of counsel with respect to the guilty pleas by failing to advise him about the immigration consequences of those pleas, most importantly, that they would subject him to mandatory removal from the United States. In count two, the petitioner alleged that because he did not understand that his guilty pleas would subject him to mandatory removal from the United States, they were not entered knowingly, intelligently and voluntarily, and, thus, they were obtained in violation of his due process rights under the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. On June 2, 2011, the habeas court, *T. Santos, J.*, rendered an oral decision denying the petitioner's amended habeas petition. This appeal followed.[3]

The petitioner claims that the habeas court erred when it concluded that trial counsel did not render ineffective assistance by failing to advise him about the immigration consequences of the guilty pleas. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* [v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States

[3] The habeas court granted the petition for certification to appeal.

Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"Moreover, [i]n *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. . . . [I]n order to satisfy the prejudice requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation omitted; internal quotation marks omitted.) *Niver* v. *Commissioner of Correction*, 101 Conn. App. 1, 3–4, 919 A.2d 1073 (2007).

In his brief, the petitioner argued that, pursuant to *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), he was entitled to accurate and specific advice regarding the immigration consequences of his guilty pleas because deportation in his case was a certainty, but trial counsel failed to render such advice. The petitioner further argued that because trial counsel failed to advise him about the immigration consequences of the guilty pleas, the pleas cannot be

found to have been entered knowingly, intelligently and voluntarily. We disagree.

This court has previously indicated that "[a] defendant need only be made aware of the direct consequences of his plea for it to be valid. . . . Our Supreme Court has explained that [a]lthough a defendant must be aware of the direct consequences of a plea, the scope of direct consequences is very narrow. . . . The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. . . . [U]nder Connecticut law, [t]he impact of a plea's immigration consequences on a defendant, while potentially great, is not of constitutional magnitude and cannot transform this collateral consequence into a direct consequence of the plea." (Citation omitted; internal quotation marks omitted.) *Niver* v. *Commissioner of Correction*, supra, 101 Conn. App. 4; see also *State* v. *Aquino*, 89 Conn. App. 395, 403–404, 873 A.2d 1075 (2005), rev'd on other grounds, 279 Conn. 293, 901 A.2d 1194 (2006).

Along these lines, this court has specifically indicated that, "[w]hile the [s]ixth [a]mendment [to the United States constitution] assures an accused of effective assistance of counsel in *criminal prosecutions*, this assurance does not extend to collateral aspects of the prosecution. . . . [I]n Connecticut, immigration consequences are collateral consequences of a guilty plea. Accordingly, the failure to advise as to that collateral consequence does not constitute deficient assistance." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Aquino*, supra, 89 Conn. App. 406–407. More particularly, this court has concluded, "effective assistance of counsel may be rendered without advising a client whether deportation will result from a guilty plea." Id., 410.

The United States Supreme Court recently concluded, however, that the sixth amendment to the United States constitution requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. See *Padilla* v. *Kentucky*, supra, 559 U.S. 356. In doing so, the court concluded that "[t]he collateral versus direct distinction is . . . ill suited to evaluating a *Strickland* claim concerning the specific risk of deportation. . . . [A]dvice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." Id., 366. "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." (Footnote omitted.) Id., 369.

Notwithstanding *Padilla*, subsequent to the filing of the petitioner's brief, in *Chaidez* v. *United States*, U.S. , 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149 (2013), the United States Supreme Court concluded that *Padilla* does not have retroactive effect. In his supplemental brief, the petitioner acknowledged that, pursuant to *Chaidez*, *Padilla* does not apply to this case. We agree. Given that the petitioner pleaded guilty to two charges of larceny in the first degree in 2007, and the United States Supreme Court rendered its decision in *Padilla* in 2010, *Padilla* did not require trial counsel to advise the petitioner about the risk of deportation arising from the guilty pleas. See *State* v. *Aquino*, supra, 89 Conn. App. 410 (controlling authority at time of petitioner's guilty pleas indicated "effective assistance of counsel may be rendered without advising a client whether deportation will result from a guilty plea").

Notwithstanding the inapplicability of *Padilla* to this case in light of *Chaidez*, the petitioner argues in his

supplemental brief that *Chaidez* itself does not control the broader question as to whether he entered his guilty pleas knowingly, intelligently and voluntarily pursuant to the due process clauses of the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. Such an argument is without merit. *Niver* and *Aquino*, which apply to all guilty pleas entered prior to *Padilla*, held that the failure to inform a defendant as to the immigration consequences of a plea does not render that plea unintelligent or involuntary in a constitutional sense. Because we remain bound by these cases at this time, we reject this claim.[4]

Accordingly, we conclude that the habeas court did not err when it determined that trial counsel did not render deficient performance.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We recognize, however, that General Statutes § 54-1j (a) requires the trial court to canvass the petitioner about the immigration consequences of his guilty pleas. "[T]he statute's purpose is simply to recognize that this collateral consequence is of such importance that the defendant should be informed of its possibility." (Internal quotation marks omitted.) *State* v. *Irala*, 68 Conn. App. 499, 520, 792 A.2d 109, cert. denied, 260 Conn. 923, 797 A.2d 519, cert. denied, 537 U.S. 887, 123 S. Ct. 132, 154 L. Ed. 2d 148 (2002). Nevertheless, to the extent that anything in the petitioner's brief or supplemental brief could be construed as a challenge to the trial court's canvass, we note that the petitioner failed to cite § 54-1j and wholly failed to provide any analysis with respect to the court's canvass. Therefore, we decline to address any argument with respect to the court's canvass as inadequately briefed. See *Riddick* v. *Commissioner of Correction*, 113 Conn. App. 456, 469, 966 A.2d 762 (2009) ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]), appeal dismissed, 301 Conn. 51, 19 A.3d 174 (2011).