JAMESON ALCENA v. COMMISSIONER
OF CORRECTION
(AC 33679)

DiPentima, C. J., and Gruendel and Flynn, Js.

Argued September 9—officially released October 8, 2013

*Matthew J. Collins*, assigned counsel, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Mary Jean Kanabis*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jameson Alcena, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that he was prejudiced as a result of the ineffective assistance of his criminal trial counsel. Specifically, the petitioner argues that his attorney had failed to advise him of the potential immigration consequences stemming from his guilty plea. We are not persuaded by the petitioner's claim on appeal, and, accordingly, affirm the judgment of the habeas court.

On October 30, 2008, the petitioner pleaded guilty to two counts of violating a protective order in violation of General Statutes § 53a-223. That same day, the court sentenced him to three years incarceration, suspended after five months, and three years probation. The petitioner did not file a direct appeal. On November 30, 2009, an immigration judge found the petitioner, a native and citizen of Haiti, removable from the United States pursuant to 8 U.S.C. § 1227 (a) (2) (E) (ii) as a result of the conviction of having violated § 53a-223. The United

States Board of Immigration Appeals dismissed the appeal from the order of the immigration judge.

On January 20, 2011, the petitioner filed an amended petition for a writ of habeas corpus, alleging, inter alia, ineffective assistance of his trial counsel, Attorney Anthony R. Basilica. Specifically, the petitioner claimed that Basilica failed (1) to educate himself adequately about the immigration consequences of a guilty plea to violation of a protective order, (2) to advise the petitioner that a conviction of violation of a protective order made him subject to deportation, and (3) to discuss meaningfully the immigration consequences of the guilty plea. On May 5, 2011, the habeas court conducted a hearing and issued its oral decision. The court determined that Basilica did not provide deficient performance and that the petitioner was not prejudiced by Basilica's performance. Accordingly, it denied the petitioner's request for a writ of habeas corpus. The court granted the petition for certification to appeal.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* [v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both

showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"Moreover, [i]n *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. . . . [I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; internal quotation marks omitted.) *Niver* v. *Commissioner of Correction*, 101 Conn. App. 1, 3–4, 919 A.2d 1073 (2007).

On appeal, the petitioner's sole claim of ineffective assistance of counsel is based on the United States Supreme Court's decision in *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). In that case, the court concluded: "It is our responsibility under the Constitution to ensure that no criminal defendant—whether a citizen or not—is left to the mercies of incompetent counsel. . . . To satisfy this responsibility, we now hold that counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demands no less." (Citation omitted; internal quotation marks omitted.) Id., 374; see also *Saksena* v. *Commissioner of Correction*, 145 Conn. App. 152, 158, 76 A.3d 192 (2013). Thus, the petitioner

argues that Basilica provided constitutionally deficient performance and that he was prejudiced as a result.

The respondent, the Commissioner of Correction, counters that the rule of *Padilla*, announced on March 31, 2010, cannot be applied to the petitioner's October 30, 2008 conviction because of *Chaidez* v. *United States*, U.S. , 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013), and *Saksena* v. *Commissioner of Correction*, supra, 145 Conn. App. 158–59. We agree that *Padilla* is not subject to a retroactive application, and therefore the petitioner's claim on appeal must fail.

In *Chaidez* v. *United States*, supra, 133 S. Ct. 1113, the United States Supreme Court concluded: "This Court announced a new rule in *Padilla*. Under [*Teague* v. *Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)], defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." In *Saksena* v. *Commissioner of Correction*, supra, 145 Conn. App. 158–59, we concluded that a petitioner who pleaded guilty in 2007 was not able to benefit from the holding of *Padilla*. See also *Gonzalez* v. *Commissioner of Correction*, 145 Conn. App. 28, 33, 74 A.3d 509 (2013) (where petitioner's conviction became final in 2005, *Padilla* did not apply). We expressly have recognized that, absent application of the rule of *Padilla*, the claim raised by the petitioner would fail under our state law. "[U]nder Connecticut law, [t]he impact of a plea's immigration consequences on a defendant, while potentially great, is not of constitutional magnitude and cannot transform this collateral consequence into a direct consequence of the plea. . . . Along these lines, this court has specifically indicated that, [w]hile the [s]ixth [a]mendment [to the United States constitution] assures an accused of effective assistance of counsel in *criminal prosecutions*, this assurance does not extend to

collateral aspects of the prosecution. . . . [I]n Connecticut, immigration consequences are collateral consequences of a guilty plea. Accordingly, the failure to advise as to that collateral consequence does not constitute deficient assistance." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Saksena* v. *Commissioner of Correction*, supra, 157–58.

On the basis of these cases, we conclude that the rule of *Padilla* does not apply retroactively to the petitioner's claims arising out of his 2008 conviction, and that under the applicable law, the challenged conduct does not constitute deficient performance. Accordingly, his claim on appeal must fail. See id.

The judgment is affirmed.