# ARTHUR COLE *v.* COMMISSIONER OF CORRECTION
## (AC 31517)

Gruendel, Beach and McDonald, Js.

Argued October 26, 2010—officially released March 1, 2011

*Deren Manasevit*, special public defender, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Michael R. Denison*, assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Arthur Cole, appeals from the judgment of the habeas court denying his April 20, 2009 petition for a writ of habeas corpus based upon ineffective assistance of trial counsel. The habeas court also denied the petitioner's petition for certification to appeal. On appeal, the petitioner claims that his trial counsel rendered ineffective assistance with regard to a plea offer when counsel failed to advise the petitioner of the likely sentences after trial and failed to advise the petitioner of the maximum exposure on the charges of which he was ultimately convicted. The petitioner also claims that the habeas court abused its discretion in denying certification to appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The underlying conviction arises out of two bank robberies that occurred on April 29, 1996, in New Haven. The petitioner was charged with two counts each of robbery in the first degree with a firearm as an accessory, conspiracy to commit robbery in the first degree and larceny in the second degree as an accessory, and with one count of coercion. After a trial by jury before *Fracasse, J.*, in New Haven, the petitioner was acquitted on the charge of coercion and found guilty on all remaining counts. The petitioner was sentenced to a total effective term of imprisonment of forty years. The petitioner appealed from his conviction, and this court affirmed the judgment of the trial court. *State* v. *Cole*, 57 Conn. App. 559, 749 A.2d 662 (2000).

In this case, the petitioner filed a two count, final amended petition for a writ of habeas corpus, challenging the effectiveness of both his trial counsel and prior habeas counsel. In count one, the petitioner alleged that trial counsel and prior habeas counsel failed to investigate the crime scene evidence in a competent

and adequate manner and failed to call witnesses to contradict testimony at his trial. The petitioner alleged in count two that trial counsel failed to advise the petitioner adequately of the risks of going to trial and the possible sentence he would receive if convicted.

Following a trial, the habeas court, *Nazzaro, J.*, denied the petition. The habeas court rejected count one on the ground that there was no evidence before the court that either attorney failed to call any witness whose testimony would in some way have changed the outcome of the petitioner's trial or benefited the petitioner in any way. The habeas court also rejected count two on the ground that the petitioner had neither established that trial counsel's performance was deficient nor that any deficient performance prejudiced the petitioner. Later, the habeas court denied the petitioner's petition for certification to appeal, and this appeal followed. On appeal, the petitioner challenges the habeas court's ruling as to count two only.[1]

The habeas court heard the testimony of trial counsel and the petitioner and made the following findings of fact pertaining to trial counsel's performance with

---

[1] The petitioner had filed an earlier petition for a writ of habeas corpus on September 14, 2001, alleging actual innocence and that his trial counsel had rendered ineffective assistance. Following a trial before *Hon. William L. Hadden, Jr.*, judge trial referee, the habeas court dismissed that petition. In dismissing the petition, the court noted that the petitioner had failed to call any of the potential witnesses originally identified in the habeas petition and had failed to produce any other evidence, and, therefore, that the petitioner had not proved that no reasonable fact finder would find him guilty of the charges against him. That decision was appealed to this court and affirmed. *Cole* v. *Commissioner of Correction*, Superior Court, judicial district of New Haven, Docket No. CV-98-0411658-S (January 24, 2003), aff'd, 82 Conn. App. 901, 846 A.2d 961 (2004). As to the present petition, we need not address the claim of res judicata by the respondent, the commissioner of correction, as to effective assistance of counsel because the habeas court, within its discretion, properly decided to hear the petition on the merits. See *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 142–44, 712 A.2d 947 (1998).

respect to a plea offer. At the habeas trial, the petitioner claimed that trial counsel rendered ineffective assistance in the petitioner's criminal proceedings by failing to advise him adequately of the risks of going to trial and of the potential sentence he faced if convicted. The petitioner admitted that, prior to trial, trial counsel communicated a plea offer of eighteen years to serve. The petitioner also testified that he rejected the offer and went to trial because he believed, based on his conversation with trial counsel, that he would get no more than thirty years after trial. He further testified that if he had known that he would be sentenced to serve forty to fifty years, he would have taken the eighteen year offer. The petitioner's trial counsel testified to the contrary that the petitioner rejected the eighteen year offer and that the petitioner clearly expressed that he would not accept any offers that included incarceration and said, "I'm not taking any time at all. I want my trial." Trial counsel further testified that he communicated to the petitioner the eighteen year offer as part of a "global encompassing plea bargain" in order to dispose of the two bank robbery charges and of other pending charges. Trial counsel also testified that he informed the petitioner that, if he went to trial, he faced maximum sentence exposure of eighty years on all of the pending charges, both the bank robberies and his other crimes.

After listening to the petitioner's and trial counsel's testimony, the habeas court credited trial counsel's testimony that the petitioner refused to accept any plea offer that included incarceration. The habeas court also rejected the petitioner's testimony that he would have accepted a pretrial offer involving incarceration. Because the habeas court found that the petitioner would have rejected any offer involving incarceration, it further found that the petitioner had failed to establish any prejudice resulting from any alleged failure by trial

counsel to advise the petitioner of his potential maximum exposure. Furthermore, in denying the habeas petition, the habeas court found that trial counsel communicated to the petitioner the plea offer of eighteen years and the potential maximum prison exposure on all of his pending files, and that the petitioner made it clear that he would have not accepted any offer involving any incarceration. The habeas court thus proceeded to reject on credibility grounds all of the petitioner's factual claims of deficient performance and prejudice.

The habeas court found that the petitioner's claims of deficient performance failed due to the habeas court's credibility determinations. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given their testimony." (Internal quotation marks omitted.) *Joseph* v. *Commissioner of Correction*, 117 Conn. App. 431, 433, 979 A.2d 568, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009). "Questions of whether to believe or to disbelieve a competent witness are beyond our review." (Internal quotation marks omitted.) *Kiniry* v. *Kiniry*, 299 Conn. 308, 329, 9 A.3d 708 (2010). In view of the habeas court's findings as to the credibility of the petitioner and trial counsel, we dismiss this appeal.

The appeal is dismissed.