### DEREK PERSON *v.* COMMISSIONER OF CORRECTION
### (AC 34227)

Robinson, Bear and Pellegrino, Js.

Argued September 9—officially released October 22, 2013

*David B. Bachman*, assigned counsel, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Derek Person, appeals from the judgment of the habeas court denying in part his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court erred in concluding that he had been afforded the effective assistance of trial counsel because the habeas court's

findings that trial counsel (1) informed the petitioner that there was an alternative plea option, and (2) thoroughly advised the petitioner as to the consequences of choosing a plea option with a range were clearly erroneous. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. On October 13, 2004, the petitioner was charged with, inter alia, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). On June 27, 2005, the petitioner entered a plea of guilty to one count of robbery in the first degree, pursuant to the following plea agreement: twenty years of incarceration, execution suspended after ten years as a "cap," with a right to argue for less, but not to go below the mandatory statutory minimum of five years, with a period of probation and reasonable special conditions to be set by the court (range offer).

At the plea canvass, the petitioner indicated to the court, *Carroll, J.*, that he had had adequate time to discuss the case and the decision to plead guilty with his attorney, Justin Smith, that he had gone over all of the state's evidence against him, along with the nature and elements of the crime with Smith, that he understood the consequences of pleading guilty, and that he was satisfied with Smith's representation. The court found that the petitioner's plea was entered knowingly and voluntarily, with the assistance of competent counsel and that a factual basis for the plea existed. The court then accepted the guilty plea and ordered a presentence investigation. On September 29, 2005, the court sentenced the petitioner to twenty years of incarceration, execution suspended after nine years, with five years of probation.

The petitioner filed an amended petition for a writ of habeas corpus claiming that Smith had failed to adequately advise him as to the consequences of choosing

the range offer. At the habeas trial, the petitioner claimed that Smith had failed to inform him that the state had made an alternative plea offer in which the execution of the petitioner's sentence would be suspended after eight years of incarceration, with a term of probation to be determined by the court (term of years offer).

The habeas court, *Hon. John F. Mulcahy, Jr.*, judge trial referee, in its memorandum of decision, found that the petitioner knew of both plea offers and that Smith had thoroughly advised the petitioner of the consequences of choosing the range offer, and it concluded that the petitioner had been afforded effective assistance of trial counsel. Thus, the habeas court denied in part the petitioner's amended petition for a writ of habeas corpus,[1] and, on the granting of certification, the petitioner appealed to this court.

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 128 Conn. App. 425, 429, 17 A.3d 1089, cert. denied, 301 Conn. 926, 22 A.3d 1277 (2011). "A court's finding of fact is clearly erroneous and its conclusions drawn from that finding lack sufficient evidence when there is no evidence in the record to support [the court's finding of fact] . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks

---

[1] The habeas court granted the petition as to the petitioner's sentence review claim.

omitted.) *State* v. *Benjamin*, 299 Conn. 223, 236, 9 A.3d 338 (2010).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Citation omitted; internal quotation marks omitted.) *Ebron* v. *Commissioner of Correction*, 307 Conn. 342, 351, 53 A.3d 983 (2012), cert. denied sub nom. *Arnone* v. *Ebron*, U.S. , 133 S. Ct. 1726, 185 L. Ed. 2d 802 (2013). "In a case . . . where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier [or alternative] plea offer . . . [this court must determine] whether he would have accepted the offer to plead pursuant to the terms earlier [or otherwise] proposed." *Missouri* v. *Frye*, U.S. , 132 S. Ct. 1399, 1410, 182 L. Ed. 2d 379 (2012). Furthermore, our Supreme Court has held that, in order to find prejudice, we must also conclude that "the trial judge would have conditionally accepted the plea agreement if it had been presented to the court." *Ebron* v. *Commissioner of Correction*, supra, 357.

I

The petitioner claims that the habeas court erred in finding that he knew of both plea offers before entering his guilty plea because such a finding was clearly erroneous. He argues that he presented unequivocal testimony that Smith did not advise him of both offers, and that Smith's testimony was ambiguous on the issue,

as he could not recall specific details concerning his conversation with the petitioner about the offers. The respondent, the Commissioner of Correction, argues that the petitioner's amended petition for writ of habeas corpus conceded the fact that he knew of both plea options before entering his guilty plea.[2] Additionally, the respondent argues that the habeas court credited Smith's testimony, and, that, in light of that testimony, the habeas court's finding that the petitioner knew of both plea options was not clearly erroneous. We agree with the respondent.

Smith testified that he met with the attorney who previously had represented the petitioner to discuss the case, and that he believed that it was at this point that he learned of the alternative offers. He also testified that he reviewed the state's file and then met with the state's attorney. Notes from Smith's client file reflected both offers, although Smith testified that he was unsure of whether he took them after his meeting with the petitioner's previous attorney, or after his discussion with the state's attorney.

Smith also testified that he advised the petitioner of both offers. He testified that he advised the petitioner that he thought that they could get a better sentence than the terms of years offer because of the petitioner's lack of criminal history, his apparent good character and Smith's belief that the petitioner could get good character references. The habeas court found Smith to be credible.

---

[2] Paragraph eight of the petitioner's amended petition for a writ of habeas corpus states: "Sometime prior to June 27, 2005, the petitioner was presented with the option of entering a plea of guilty to one count of Robbery in the First Degree in exchange for either a sentence of [twenty] years, execution suspended after [eight], with probation to be determined by the court, or [twenty] years, execution suspended after [ten] as a cap with a right to argue for less, not to go below [five] years, with a period of probation to be determined by the court."

The petitioner testified that Smith never told him about the term of years offer, and told him his only choice was between the range offer and trial. The petitioner's testimony, however, was belied by his admission in his amended petition for a writ of habeas corpus in which he stated that he learned of the alternative plea offers sometime before entering his guilty plea.

"The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given their testimony. . . . Questions of whether to believe or to disbelieve a competent witness are beyond our review." (Citation omitted; internal quotation marks omitted.) *Cole* v. *Commissioner of Correction*, 126 Conn. App. 775, 779, 12 A.3d 1065, cert. denied, 300 Conn. 937, 17 A.3d 473 (2011). In light of the habeas court's findings as to the credibility of the witnesses, and the weight of the evidence, along with our review of the record, we conclude that the habeas court's finding that the petitioner knew of both plea offers was not clearly erroneous.

II

The petitioner also claims that the habeas court erred in finding that Smith thoroughly advised him as to the consequences of accepting the range offer. The petitioner argues that the finding is clearly erroneous because Smith could not specifically recall any discussion he had had with the petitioner regarding the two offers, he could not recall the petitioner's reaction to the two choices, and Smith mostly testified as to his general practice and personal thoughts on the case.

In addition to Smith's previously discussed testimony, he also testified that approximately 50 percent of his practice was criminal defense, and that it was his general practice to advise his clients who were proposed a range offer that there was a risk of receiving the top of the range at sentencing. Additionally, Smith

testified that he had advised the petitioner that even though taking the range offer was a risk, it was in the petitioner's best interest to take that offer in light of the mitigating factors, which Smith believed would allow the petitioner to receive a suspended sentence of less than eight years. The habeas court again found Smith to be credible in his testimony.

The petitioner testified at the habeas hearing that Smith did not explain that he was exposed to the statutory five year minimum in taking the range offer and that he only learned of it during the plea canvass. Furthermore, the petitioner testified that he had no choice in accepting the range offer, and was coerced by Smith to enter a guilty plea. The petitioner's testimony at the habeas trial, however, was contradicted by his testimony at the plea canvass. The petitioner answered affirmatively when asked by the trial court at his plea canvass if he had had adequate time and opportunity to discuss the case and his options with Smith. The petitioner also answered affirmatively, when asked if Smith explained that the charge of robbery in the first degree carried a mandatory minimum sentence of five years. The petitioner further indicated at the plea canvass that he was satisfied with Smith's representation of him in this matter.

As noted, "the [habeas] court, as the trier of fact, [is] the sole arbiter of facts and credibility and [is] free to believe in whole or in part the [witness'] testimony. . . . The court also [is] free to draw reasonable inferences from that testimony when rendering judgment." (Citation omitted.) *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 550, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004). Because it was Smith's general practice to inform his clients as to the risks of taking a range offer, and because of the petitioner's contradictory testimony, it was reasonable for the habeas court to infer that Smith did meaningfully advise

the petitioner as to the risks of accepting the range offer. Therefore, the habeas court's finding that Smith thoroughly advised the petitioner as to the consequences of the range offer was not clearly erroneous.

The judgment is affirmed.