******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JOSE LOPEZ *v.* COMMISSIONER OF CORRECTION
(AC 46744)

Moll, Clark and Lavine, Js.

*Syllabus*

The petitioner, who previously had been convicted of murder, appealed following the denial of his petition for certification to appeal from the habeas court's judgment denying his habeas petition. This court, in a previous decision, held that the habeas court abused its discretion in denying the petitioner's petition for certification to appeal and erred in concluding that the petitioner's trial counsel, C, did not render deficient performance by failing to investigate and present the testimony of J, the petitioner's son, at the petitioner's criminal trial. This court retained jurisdiction over the appeal and remanded the case to the habeas court to resolve the factual question of whether there was a reasonable probability that J's testimony exculpating the petitioner would have been credited by the jury if he had testified at the petitioner's criminal trial. On remand, the habeas court found that J's testimony was credible and, therefore, there was a reasonable probability that the jury would have found that testimony credible. *Held*:

The habeas court erred in rejecting the petitioner's claim that C rendered ineffective assistance of counsel in failing to investigate J's testimony, and, accordingly, the judgment of the habeas court was reversed and the case was remanded with direction to grant the petition for a writ of habeas corpus, to vacate the petitioner's conviction of murder and to order a new trial.

Submitted on briefs May 6—officially released May 27, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Bhatt, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court, *Moll, Clark* and *Lavine, Js.*, which remanded the case to the habeas court to make an additional factual finding; subsequently, on remand, the court, *Bhatt, J.*, issued a decision making the requested factual finding. *Reversed; judgment directed.*

*James E. Mortimer*, assigned counsel, filed a brief for the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. This habeas appeal returns to us following our decision in *Lopez* v. *Commissioner of Correction*, 230 Conn. App. 437, 483, 330 A.3d 933 (2025), in which we remanded this case to the habeas court, *Bhatt, J.*, in order to make a finding as to whether, had Jose Lopez III, the son of the petitioner, Jose Lopez, testified at the petitioner's criminal trial, there is a reasonable probability that his testimony exculpating the petitioner would have been credited by the jury. We presume the parties' familiarity with our analysis in *Lopez*, as well as with the facts and procedural history set forth therein, to which we refer only as necessary in order to explain our decision.

On April 11, 2025, pursuant to our remand order, the habeas court issued a memorandum of decision in which it "explicitly state[d]," "solely on the basis of the existing record and [its] prior opportunity to observe Lopez III testify . . . that it found Lopez III credible and, by extension, there is a reasonable probability that the jury would have found him credible." (Citation omitted; internal quotation marks omitted.) The habeas court further stated that it "[could] only make such an assessment based on its own credibility determination of Lopez III." On April 22, 2025, we sua sponte issued an order inviting the parties to submit supplemental briefs addressing the question of whether, in light of the habeas court's April 11, 2025 memorandum of decision, we should reverse the judgment of the habeas court with direction to grant the writ of habeas corpus, to vacate the petitioner's conviction of murder, and to order a new trial. The parties filed supplemental briefs in accordance with this order on May 6, 2025.

In *Lopez*, we concluded that the petitioner's trial counsel, Paul Carty, had rendered deficient performance when he failed to conduct any investigation into

the potential testimony of Lopez III. *Lopez* v. *Commissioner of Correction*, supra, 230 Conn. App. 444. With respect to the prejudice prong, we further concluded that, had Lopez III's testimony exculpating the petitioner been credited by the jury, there was a reasonable probability that the result of the petitioner's criminal trial would have been different. Id. The habeas court, exercising its authority as "the trier of facts . . . [and] the sole arbiter of the credibility of witnesses and the weight to be given to their testimony"; (internal quotation marks omitted) *Johnson* v. *Commissioner of Correction*, 228 Conn. App. 701, 715, 324 A.3d 837, cert. denied, 350 Conn. 929, 326 A.3d 250 (2024); has now concluded—relying solely on the existing record and its opportunity to observe Lopez III testify—that Lopez III was credible, and, on that basis, has found that there is a reasonable probability that the jury would have credited his testimony exculpating the petitioner. It is well established that "[a] pure credibility determination made by a habeas court is *unassailable*." (Emphasis in original; internal quotation marks omitted.) Id.; see also, e.g., *Fields* v. *Commissioner of Correction*, 179 Conn. App. 567, 569, 180 A.3d 638 (2018) ("[i]t is simply not the role of this court on appeal to second-guess credibility determinations made by the habeas court" (internal quotation marks omitted)). We thus will not disturb the habeas court's finding.[1]

Accordingly, in light of our analysis in *Lopez* and the habeas court's April 11, 2025 memorandum of decision,

---

[1] In his supplemental brief, the respondent, the Commissioner of Correction, contends that "[t]he habeas court's credibility analysis on remand was flawed and, therefore, provides no basis to find that the petitioner established prejudice . . . ." The respondent bases this argument on the following language from the habeas court's memorandum of decision: "To be sure, there are many factors playing a role in the determination of Lopez III's credibility. . . . Also of importance is the fact that he testified that he had repeatedly asked his attorney at the time the cases were pending if he could testify at his father's trial. These are all factors for the jury to consider and for this court to consider." The respondent argues that, "[b]y considering that Lopez III had asked his attorney if he could testify, the habeas court considered evidence that likely would not have been before the jury. That

we conclude that the petitioner has met his burden of establishing that Carty rendered ineffective assistance of counsel in failing to investigate the testimony of Lopez III and that the habeas court erred in rejecting that claim.[2]

The judgment of the habeas court is reversed and the case is remanded with direction to grant the petition for a writ of habeas corpus, to vacate the petitioner's conviction of murder, and to order a new trial.

Lopez III may have questioned his attorney about the possibility of testifying was relevant to rehabilitating his credibility at the habeas trial as to whether he would have testified if called at the criminal trial, but it could not inform whether his criminal trial testimony would have been credited by a jury. His queries of counsel simply would not have been raised at trial, or they may have been privileged.''

Apart from an allusion to attorney-client privilege, the respondent provides no support for his conclusory assertion that, had Lopez III been called as a witness by the petitioner during his criminal trial, Lopez III would not or could not have testified about his conversations with his counsel regarding his desire to testify on the petitioner's behalf. Indeed, the fact that Lopez III testified regarding those conversations at the habeas trial undercuts the respondent's argument. See, e.g., *Ghio* v. *Liberty Ins. Underwriters, Inc.*, 212 Conn. App. 754, 772, 276 A.3d 984 (''It is well established that voluntary disclosure of the content of a privileged communication constitutes waiver of the [attorney-client] privilege. . . . The privilege belongs to the client and may be waived only by the client or his attorney acting with the client's authority.'' (Citation omitted; internal quotation marks omitted.)), cert. denied, 345 Conn. 909, 283 A.3d 506 (2022); *Cox* v. *Burdick*, 98 Conn. App. 167, 172, 907 A.2d 1282 (explaining that holder of attorney-client privilege may waive privilege by ''voluntarily testif[ying] regarding portions of the attorney-client communication'' (emphasis omitted; internal quotation marks omitted)), cert. denied, 280 Conn. 951, 912 A.2d 482 (2006). Ultimately, the respondent asks us to second-guess the habeas court's credibility determination, solely on the basis of just one factor the court weighed in assessing Lopez III's credibility. This we may not do. We therefore reject the respondent's argument.

[2] The petitioner has also claimed on appeal that the habeas court improperly concluded that the petitioner was not prejudiced by Carty's failure to investigate and present the testimony of Zeequan Groves, a different witness, at his criminal trial. In *Lopez*, we stated that we would ''leave [this] claim for another day.'' *Lopez* v. *Commissioner of Correction*, supra, 230 Conn. App. 438. In light of our decision to remand this case to the habeas court with direction to grant the petition for a writ of habeas corpus, to vacate the petitioner's murder conviction, and to order a new trial, we now conclude that we need not and do not reach the merits of this claim.